UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ROGER MANNON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>VAMC ANN ARBOR,<br><br>　　　　　　　　Defendant. | Case No. 23-cv-12612<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 50)**

I.   **Introduction**

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the Government's denial of his request to amend a VA medical record that Mannon claims contains inaccuracies.  ECF No. 1.  Mannon maintains that the record incorrectly states that he was aggressive during an appointment and was noncompliant with treatment.  *Id.*, PageID.6-7.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 34.

Mannon moves to compel the Government's production of documents to supplement the administrative record. ECF No. 50. The Court **DENIES** Mannon's motion.

## II. Analysis

At the outset, Mannon's motion must be denied because he did not make discovery requests before moving to compel. Mannon "must comply with the federal rules of civil procedure and serve a request for production of documents or other discovery requests on defendants before bringing a motion to compel." *Williams v. Caruso*, No. 08-10044, 2008 WL 4389831, at *1 (E.D. Mich. Sept. 25, 2008).

Nor has Mannon shown the relevance of the requested documents. Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Under Rule 26(b)(1), "[t]he parties and courts share the collective responsibility to consider the proportionality of all

discovery and consider it in resolving discovery disputes." *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (cleaned up). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio, Oct. 7, 2010).

The federal rules also require that a document request "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018). Thus, courts reject document requests that are "unlimited in subject matter and in time, and therefore would sweep in numerous documents that bear no relevance to the claims or defenses raised in this matter." *Mirmina v. Genpact LLC*, No. 3:16CV00614(AWT), 2017 WL 2559733, at *3 (D. Conn. June 13, 2017). Courts have long condemned omnibus "any and all" document requests. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-88 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Transamerica Life Ins. Co. v. Moore*, 274

3

F.R.D. 602, 609 (E.D. Ky. 2011) ("Generally, a discovery request is considered overly broad or unduly burdensome on its face if it '(1) uses an omnibus term…and (2) applies to a general category or group of documents or a broad range of information.'") (cleaned up).

> Mannon seeks production of:
>
> PATS records, Inquiry replies, Congressional and oversight inquiries received, Secretary of Veterans Affairs case and correspondence files, VIEWS CCM reports, disruptive behavior reporting system entries, police reports, harassment prevention coordinator records, OIG investigation, and responses to DOJ referrals.

ECF No. 50, PageID.699.  He asks the Court to order production of "all records pertinent to [his] Privacy Act claim." *Id.*, PageID.700.  But he offers only vague explanations of the information these records likely contain and does not address why that information is relevant to his claim that the government wrongly denied his request to amend his medical record.  *See* ECF No. 55, PageID.737.  Many requests are vague, such as "PATS records," "inquiry replies," and "case and correspondence files," leaving the government to guess at what information Mannon seeks.  And the requests are limited neither to the timeframe relevant to Mannon's claim nor to records concerning Mannon.

4

Because Mannon has not made discovery requests in accordance with the federal rules of civil procedure and has not shown the relevance of the requested documents, his motion must be denied.

### III. Conclusion

The Court **DENIES** Mannon's motion to compel (ECF No. 50).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: March 11, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to

their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2025.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager