UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ROGER MANNON, | Case No. 23-cv-12612 |
| Plaintiff, | Honorable Mark A. Goldsmith |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| VAMC ANN ARBOR, | |
| Defendant. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT (ECF NO. 51)**

## I.    Introduction

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the government's denial of his request to amend a March 2020 VA medical record allegedly containing inaccuracies.  ECF No. 1.  Mannon maintains that the record incorrectly states that he was aggressive during an appointment and was noncompliant with treatment.  *Id.*, PageID.6-7.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 34.

Mannon moves for leave to amend his complaint.  ECF No. 51.  The Court **DENIES** the motion.

## II.   Analysis

### A.

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

2

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Mannon seeks to amend his complaint to add three new claims under the Privacy Act: violations of 5 U.S.C. §§ 552a(g)(1)(B), (C), and (D). ECF No. 51, PageID.702; ECF No. 52, PageID.706-707. The Privacy Act regulates "the collection, maintenance, use, and dissemination of information" by federal agencies, and "subsection (g)(1) recognizes a civil action for agency misconduct fitting within any of four categories." *Doe v.*

3

*Chao*, 540 U.S. 614, 618 (2004) (cleaned up).  The four subsections are described as follows:

> The first, (g)(1)(A), authorizes suit when a government agency refuses "to amend an individual's record in accordance with his request"; the second, (g)(1)(B), if an agency refuses improperly to permit an individual access to his records; the third, (g)(1)(C), if an agency fails to maintain accurate records and an individual is disadvantaged by a government determination based on those records.  The fourth, (g)(1)(D), is a catchall provision authorizing suit if an agency fails to comply with any other command of the Act.

*Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990).  If a plaintiff prevails on claims under the first two subsections, the court may award equitable relief—*i.e.*, order the agency to amend the disputed record or to produce any records wrongfully withheld.  5 U.S.C. §§ 552a(g)(2)(A), (g)(3)(A).  For claims brought under the last two subsections, courts may award actual damages if "the court determines that the agency acted in a manner which was intentional or willful."  *Id.* § 552a(g)(4).

The proposed amended complaint alleges that the government declined to amend inaccuracies in unspecified records in violation of subsection (g)(1)(A) and deprived Mannon an opportunity to access unspecified records in violation of subsection (g)(1)(B).  ECF No. 52,

PageID.706.[1]  Other than his original claim that the government failed to amend the March 2020 medical record, Mannon has exhausted no claims under those two subjections.

Subsections (g)(1)(A) and (B) require plaintiffs to exhaust their administrative remedies by seeking relief from the agency and obtaining a final action before filing a lawsuit in federal court.  *See* 5 U.S.C. §§ 552a(d)(1)-(3), (g)(1) (setting out the statutory requirement for exhaustion of Privacy Act claims); *see also Haase*, 893 F.2d at 373; *Nagel v. U.S. Dep't of Health, Educ. & Welfare*, 725 F.2d 1438, 1440-41 (D.C. Cir. 1984).  It is uncontested that Mannon exhausted his original subsection (g)(1)(A) claim that the government refused to amend the March 2020 medical record.  ECF No. 1-2; ECF No. 1-3; ECF No. 54, PageID.728.  But Mannon does not allege that he sought to amend or access any other specific record and pursued these requests through the administrative scheme.  Thus, while Mannon's original claim is viable, his other proposed claims under subsections (g)(1)(A) and (B) are unexhausted.

---

[1] The proposed amended complaint erroneously challenges the government's alleged refusal to amend records under subsection (g)(1)(B) and its alleged denial of access to records under subsection (g)(1)(A).  ECF No. 52, PageID.706.  The Court assumes this was a typographical error.

Mannon's proposed claim under subsection (g)(1)(C) is also futile.

To state a claim for damages under that subsection, a plaintiff must allege:

> (1) he has been aggrieved by an adverse determination; (2) the
> agency failed to maintain his records with the degree of
> accuracy necessary to assure fairness in the determination;
> (3) the agency's reliance on the inaccurate records was the
> proximate cause of the adverse determination; and (4) the
> agency acted intentionally or willfully in failing to maintain
> accurate records.

*Chambers v. Dep't of Interior*, 568 F.3d 998, 1007 (D.C. Cir. 2009) (cleaned up). As discussed, Mannon identifies no inaccurate records beyond the March 2020 medical record. And he does not allege any adverse agency determination arising from that record. Mannon vaguely references "adverse health care decisions"; limitations to his benefits and access to healthcare; being placed on "no reply" status with Congress, the White House, and the VA; and being hindered from obtaining employment and education. ECF No. 52, PageID.706-709. But these allegations are conclusory. Mannon does not describe these events with the specificity necessary to give the government "fair notice of what [his] claim is and the grounds upon which it rests." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Nor are these adverse effects enough to state a claim under subsection (g)(1)(C), "which requires a specific 'adverse determination'

resulting from an agency's failure to maintain accurate records." *See Chambers*, 568 F.3d at 1007.  The plaintiff in *Chambers* claimed that an agency's loss of her performance appraisal impeded her ability to apply for other jobs.  *Id.*  The court held that the plaintiff had alleged an "adverse effect" but not an "adverse determination."  *Id.*  Likewise, Mannon identifies no formal adverse agency determination.

Last, Mannon's proposed claim under subsection (g)(1)(D) alleges that the government improperly disclosed his records by reporting his allegedly aggressive behavior to law enforcement, a VA committee, other healthcare providers, and the Social Security Administration.  ECF No. 52, PageID.707-708.  Damages claims based on improper disclosure arise under subsection (g)(1)(D) and have four elements: "(1) the disclosed information is a record contained within a system of records; (2) the agency improperly disclosed the information; (3) the disclosure was willful or intentional; and (4) the disclosure adversely affected the plaintiff." *Doe v. U.S. Dep't of Justice*, 660 F. Supp. 2d 31, 44-45 (D.D.C. 2009) (cleaned up).

Mannon does not allege what records were disclosed.  Even if he claims that the March 2020 record was disclosed, he does not sufficiently allege why that disclosure was improper or how it adversely impacted him.

Again, Mannon only vaguely alleges that his access to healthcare and benefits was limited, that he was placed on "no reply" status with government agencies, and that he could not obtain employment or education.  ECF No. 52, PageID.706-709.  Such "self-serving, unsupported statements, consisting of a few conclusory sentences, are insufficient." *See Doe*, 660 F. Supp. 2d at 49 (cleaned up).  And Mannon has not given the government fair notice of the claim against it or the grounds upon which it rests.  *See Swierkiewicz*, 534 U.S. at 512.  His claim under subsection (g)(1)(D) is futile.

The proposed amended complaint also references retaliation under 38 C.F.R. § 17.33, a regulation listing VA patient rights.  *See* ECF No. 52, PageID.707-708.  But while that regulation permits patients to present grievances about alleged infringements of their rights "to staff members at the facility in which the patient is receiving care, other [VA] officials, government officials, members of Congress or any other person without fear of reprisal," it does not confer a private right of action.  *See* 38 C.F.R. § 17.33(g).  Thus, any independent claim under that regulation is futile.

Mannon's reply discusses alleged procedural irregularities in the government's review of his request to amend the March 2020 medical record.  ECF No. 56.  It is unclear whether he seeks to assert Privacy Act

claims based on those irregularities.  But the allegations are not included in the proposed amended complaint, so the Court declines to consider them. *See* E.D. Mich. LR 15.1 (a party moving to amend "shall attach the proposed amended pleading to the motion" and must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference"); *Osei v. Univ. of Md. Univ. Coll.*, No. DKC 15-2502, 2019 WL 2076105, at *2 (D. Md. May 10, 2019) ("Plaintiff's discussion of proposed new allegations in his reply is not a substitute for compliance with Local Rule 103.6.").

### III.    Conclusion

The Court thus **DENIES** Mannon's motion to amend (ECF No. 51).

> s/Elizabeth A. Stafford
> ELIZABETH A. STAFFORD
> United States Magistrate Judge

Dated: March 12, 2025

### <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager

10