UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ROGER MANNON,<br><br>                           Plaintiff,<br><br>v.<br><br>VAMC ANN ARBOR,<br><br>                           Defendant. | Case No. 23-cv-12612<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER (ECF NO. 79), GRANTING IN PART AND DENYING PLAINTIFF'S MOTION TO MODIFY THE PROPOSED PROTECTIVE ORDER (ECF NO. 78), AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO DISCLOSE THE CERTIFIED ADMINISTRATIVE RECORD TO AN EXPERT WITNESS (ECF NO. 77)**

**I.     Introduction**

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the government's denial of his request to amend a March 2020 VA medical record allegedly containing inaccuracies.  ECF No. 1.  Mannon maintains that the record incorrectly states that he was aggressive during an appointment and was noncompliant with treatment.  *Id.*, PageID.6-7.  The Honorable Mark A.

Goldsmith referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 34.

The government moves for entry of a protective order, and Mannon moves to modify the government's proposed protective order. ECF No. 78; ECF No. 79. Mannon also moves for leave to disclose the certified administrative record (CAR) to an expert witness. ECF No. 77. The Court **GRANTS IN PART AND DENIES IN PART** the government's motion for a protective order, **GRANTS IN PART AND DENIES IN PART** Mannon's motion to modify the proposed protective order, and **GRANTS** Mannon's motion for leave to disclose the CAR to his expert witness.

## II. Analysis

### A.

Rule 26(c)(1) allows a party from whom discovery is sought to move for a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden." The movant bears the burden of showing good cause for a protective order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (cleaned up). Courts enjoy "broad discretion to decide when a

protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (cleaned up). In exercising that discretion, a court must balance the competing interests and hardships of the parties. *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

B.

The government maintains that a protective order is necessary to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the Privacy Act. ECF No. 79, PageID.913. It moves for entry of a proposed protective order permitting the parties to designate discovery materials as "protected information," including records about Mannon's medical treatment and the names or other identifying information of non-parties to the case. ECF No. 79-2, PageID.920-921, ¶ 1. The proposed protective order would preclude the parties from disclosing protected information to third parties except for certain enumerated persons—e.g., the parties' attorneys and office staff, retained experts, and witnesses. *Id.*, PageID.923-924 ¶¶ 3-4. It also restricts the use of protected information to the litigation. *Id.*, PageID.923-925, ¶ 5. Mannon seeks to modify the proposed protective order by enabling the parties to disclose protected information to Congress, medical licensing boards, and the Department of

Veterans Affairs in unspecified parallel proceedings. ECF No. 78, PageID.888; ECF No. 78-2, PageID.900.[1]

HIPAA regulations restrict a covered entity's disclosure of a patient's medical information without the patient's consent. 42 U.S.C. § 1320d-6; *Thomas v. 1156729 Ontario Inc.*, 979 F. Supp. 2d 780, 782 (E.D. Mich. 2013). As relevant here, HIPAA provides an exception:

> A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (1) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (B) The covered entity receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a *qualified protective order*.

45 C.F.R. § 164.512(e)(1) (cleaned up, emphasis added). A qualified protective order is one that (1) "prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation" and (2) "requires the return to the covered entity or destruction of

---

[1] In an email exchange with opposing counsel, Mannon also sought to add provisions stating that publicly available information or material already produced would not be "protected information." ECF No. 78-2, PageID.900. But as government counsel responded, those issues are resolved in Paragraph 9 of the proposed protective order, which states, "Nothing herein shall impose any restriction on the use or disclosure by a party of information obtained by such party independently of discovery proceedings herein." *See* ECF No. 79-2, PageID.926.

4

the protected health information at the end of the litigation." *Id.*
§ 164.512(e)(1)(v) (cleaned up).

The government has shown good cause justifying a protective order limiting its disclosure of Mannon's medical records to certain third parties only for purposes of the litigation. But the HIPAA disclosure regulations apply only to "covered entities," which include health plans, healthcare clearinghouses, and healthcare providers. *See* 42 U.S.C. § 1320d-6; 45 C.F.R. § 160.102(a). They do not restrict patients' disclosure of their own medical records. In fact, HIPAA grants patients the right to access and disclose their records to third parties. 45 C.F.R. § 164.524(a), (c)(3). Thus, HIPAA does not justify a protective order precluding Mannon from disclosing his own medical records to Congress or some other entity.

The government also cites the Privacy Act, which prohibits agencies from "disclos[ing] any record to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(12) (cleaned up). Although the Privacy Act does not exempt relevant materials from production under Rule 26, courts have "ample discretion to fashion appropriate protective orders upon a showing

5

of 'good cause.'" *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987). And "[w]here the records sought are subject to the Privacy Act, the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context." *Id.* In short, a court must balance the policies underlying the statutory protection against the need for the discovery. *Lohrenz v. Donnelly*, 187 F.R.D. 1, 8 (D.D.C. 1999).

The government seeks to protect "medical records and VA records and reports that identify, by name and other identifying information, individuals who are non-parties to this litigation." ECF No. 79, PageID.916. Courts have recognized that the Privacy Act protects the interests of non-parties to a lawsuit "in not having their statutorily protected information released into the public domain during the pretrial discovery process." *Lohrenz*, 187 F.R.D. at 8. Protective orders guard against "the opportunity for litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy." *Id.* (quoting *Seattle Times*, 467 U.S. at 35) (cleaned up).

Mannon has offered no legitimate reason why this Court should not limit disclosure of this information outside the litigation. While he suggests that he may wish to use the information in parallel proceedings before Congress or the VA, he explains neither the nature of those proceedings

nor the relevance of the documents.  "Even if some slight interest in the dissemination of statutorily protected Privacy Act information for non-litigation purposes could be gleaned, it would pale in comparison to other potential third parties' interests in having their Privacy Act records and information protected."  *Id.* at 9.  And if Mannon disagrees with the government's designation of any material as protected, he may challenge it.  *See MSC.Software Corp. v. Altair Eng'g, Inc.*, No. 07-12807, 2012 WL 13222577, at *4 (E.D. Mich. May 17, 2012).

Last, Mannon moves for leave to share the CAR with an expert witness.  The government does not oppose this motion and notes that the proposed protective order permits the parties to disclose protected information with expert witnesses.  ECF No. 80; *see also* ECF No. 79-2, PageID.923-924, ¶ 4.

### III.     Conclusion

The Court **GRANTS IN PART AND DENIES IN PART** the government's motion for a protective order (ECF No. 79), **GRANTS IN PART AND DENIES IN PART** Mannon's motion to modify the proposed protective order (ECF No. 78), and **GRANTS** Mannon's motion for leave to disclose the CAR to his expert witness (ECF No. 77).  The Government

must submit a new proposed protective order consistent with this order by

**May 23, 2025**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 19, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 19, 2025.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager