UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ROGER MANNON,<br><br>Plaintiff,<br><br>v.<br><br>VAMC ANN ARBOR,<br><br>Defendant. | Case No. 23-cv-12612<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO MOVE TO COMPEL (ECF NO. 109) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT (ECF NO. 102)**

## I.  Introduction

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the government's denial of his request to amend a March 2020 VA medical record allegedly containing inaccuracies.  ECF No. 1.  Mannon maintains that the record incorrectly states that he was aggressive during an appointment and was noncompliant with treatment.  *Id.*, PageID.6-7.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 34.

Mannon moves for leave to move to compel and for leave to supplement his complaint.  ECF No. 102; ECF No. 109.  The Court **GRANTS** the motion for leave to move to compel and **GRANTS IN PART AND DENIES IN PART** the motion for leave to supplement the complaint.

II.   Analysis

A.

Mannon requests leave to move to compel.  ECF No. 109.  He argues that the government's responses to interrogatories are deficient because they are based on factual contradictions and on records that have been concealed or withheld.  *Id.*  In a supplemental brief, Mannon also challenges the completeness of the certified administrative record and argues that the government's administrative review of his case was flawed. ECF No. 112.

The Court cannot assess the merits of Mannon's position, as his description of the alleged deficiencies in the government's interrogatory responses is vague.  Nor has he included "a verbatim recitation" of the interrogatories or responses at issue or attached copies of the discovery documents.  *See* E.D. Mich. LR 37.2.  But because discovery is ongoing, Mannon may file a discovery motion about the adequacy of the government's responses to specific discovery requests.  Mannon is warned

that the Court will not consider arguments about the merits of the case, such as the adequacy of the administrative review. Thus, Mannon's motion for leave to move to compel is **GRANTED**.

## B.

Under Federal Rule of Civil Procedure 15(d), the Court may grant leave to allow a party to file "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) gives "the court broad discretion in allowing a supplemental pleading." Rule 15(d) advisory committee's note (1963); *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016). Unlike Rule 15(a), which governs motions for leave to amend pleadings, Rule 15(d) "does not expressly require that leave to supplement be freely granted." *Sroka v. Wal-Mart Stores E. LP*, No. 2:16-CV-10149, 2018 WL 8621212, at *3 (E.D. Mich. Apr. 9, 2018). Even so, "the same standard of review and rationale" for Rule 15(a) motions apply to Rule 15(d) motions for leave to supplement. *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).

Thus, leave to supplement should be freely given when justice so requires, but "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party,

3

or would be futile." Rule 15(a)(2); *Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

The Rule 12(b)(6) standard for dismissal is described in the Court's March 2025 order denying Mannon's motion to amend his complaint. ECF No. 58.

### C.

Mannon moves to supplement his complaint by adding Privacy Act claims seeking review of the government's (1) denial of his request to amend an April 2020 record allegedly containing inaccuracies and (2) later disclosure of that record. ECF No. 102. Although the record was created in April 2020, Mannon maintains that the government did not make a final decision denying amendment until June 2025. *Id.*, PageID.1486; ECF No. 115, PageID.1690.

The Privacy Act authorizes a civil suit under 5 U.S.C. § 552a(g)(1)(A) "when a government agency refuses to amend an individual's record in accordance with his request." *Haase v. Sessions*, 893 F.2d 370, 373 (D.C.

4

Cir. 1990) (cleaned up).[1]  To bring a claim under subsection (g)(1)(A), a plaintiff must first exhaust his administrative remedies by seeking relief from the agency and obtaining a final action before filing a lawsuit in federal court.  *See* 5 U.S.C. §§ 552a(d)(1)-(3), (g)(1) (setting out the statutory requirement for exhaustion of Privacy Act claims); *see also Haase*, 893 F.2d at 373; *Nagel v. U.S. Dep't of Health, Educ. & Welfare*, 725 F.2d 1438, 1440-41 (D.C. Cir. 1984).

In June 2025, the government made a final decision denying Mannon's request to amend Lisa DiPonio's summary of his April 2, 2020 pain management telephone call with her.  ECF No. 115, PageID.1690-1691.  Mannon's supplemental claim under subsection (g)(1)(A) disputes the accuracy of the call summary, written and emailed to a committee the day after the call.  *See* ECF No. 102, PageID.1486-1491; *see also* ECF No. 103, PageID.1563-1565, 1611-1612.  In response to the motion to supplement, the government argued that Mannon had not shown that he exhausted his administrative remedies by requesting an amendment to DiPonio's summary of the call.  ECF No. 113, PageID.1683.  Mannon then

---

[1] Mannon disputes the record's accuracy under 5 U.S.C. § 552a(e)(5). ECF No. 102, PageID.1487, 1490.  While subsection (e)(5) requires agencies to maintain accurate records, subsection (g)(1)(A) creates a right of action for violating that duty.  Thus, the Court construes Mannon's supplemental claim as one under subsection (g)(1)(A).

filed the June 2025 letter showing that he had exhausted that claim. ECF No. 115, PageID.1690-1691. The government asserts no other grounds for denying Mannon's proposed supplement under subsection (g)(1)(A), so the Court will allow that supplement.

The Court next evaluates Mannon's supplemental claim of improper disclosure of the April 3 record. Claims based on improper disclosure arise under subsection (g)(1)(D) and have four elements: "(1) the disclosed information is a record contained within a system of records; (2) the agency improperly disclosed the information; (3) the disclosure was willful or intentional; and (4) the disclosure adversely affected the plaintiff." *Doe v. U.S. Dep't of Justice*, 660 F. Supp. 2d 31, 44-45 (D.D.C. 2009) (cleaned up).[2]

Mannon claims that the government improperly disclosed the April 2020 record—which allegedly contained false characterizations of Mannon as noncompliant—to Senator Sherrod Brown and Representative Bob

---

[2] Mannon brings his improper disclosure claim under 5 U.S.C. § 552a(g)(1)(C). ECF No. 102, PageID.1488, 1490. That subsection permits suit "if an agency fails to maintain accurate records and an individual is disadvantaged by a government determination based on those records." *Haase*, 893 F.2d at 373. Subsection (g)(1)(D) "is a catchall provision authorizing suit if an agency fails to comply with any other command of the Act." *Id.* Improper disclosure claims are properly brought under the latter subsection. *Doe*, 660 F. Supp. 2d at 44-45.

Latta.  ECF No. 102, PageID.1488, 1490.  Mannon alleges that he suffered "reputational injury, interference with Congressional assistance, and further prejudice in care access and internal adjudications."  *Id.*

Mannon does not sufficiently allege how the alleged disclosure of the April 2020 record adversely impacted him.  He offers only conclusory allegations of harm with no supporting factual details.  Such "self-serving, unsupported statements, consisting of a few conclusory sentences, are insufficient."  *See Doe*, 660 F. Supp. 2d at 49 (cleaned up).  Thus, Mannon's supplemental claim under subsection (g)(1)(D) is futile.

### III.   Conclusion

The Court thus **GRANTS** Mannon's motion for leave to move to compel (ECF No. 109) and **GRANTS IN PART AND DENIES IN PART** his motion for leave to supplement the complaint (ECF No. 102).  Mannon is **ORDERED** to file a supplemental complaint incorporating his original (g)(1)(A) claim about the March 2020 record and the supplemental (g)(1)(A) claim about the April 2020 record, by **August 6, 2025**.  The Court will strike any filing that includes claims or pleadings beyond those permitted here.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated:  July 17, 2025

**NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2025.

                                                        s/Davon Allen
                                                        DAVON ALLEN
                                                        Case Manager