UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ROGER MANNON,<br><br>Plaintiff,<br><br>v.<br><br>VAMC ANN ARBOR,<br><br>Defendant. | Case No. 23-cv-12612<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
(ECF NO. 120)**

### I.  Introduction

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the government's denial of his request to amend two VA medical records, created in March and April 2020, that allegedly contain inaccuracies.  ECF No. 128.  Mannon maintains that the records incorrectly state that he was aggressive during an appointment and was noncompliant with treatment.  *Id.*, PageID.2145-2146.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 34.

Mannon moves to compel the government's responses to discovery requests.  ECF No. 120.  The Court **DENIES** the motion.

## II. Analysis

### A.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Under Rule 26(b)(1), "[t]he parties and courts share the collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (cleaned up).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio, Oct. 7, 2010).

**B.**

Mannon seeks to compel the government's responses to three interrogatories and two requests for production (RFPs).  ECF No. 120.  The Court addresses each request in turn.

Interrogatory 1 asked the government to "[i]dentify all VA staff (by name, title, and user ID) who contributed to drafting, editing, or approving the March 2020 Note."  ECF No. 126-5, PageID.2124.  The government responded that the March 2020 note was drafted by Devon N. Shuchman, M.D., but objected to providing user IDs for any VA staff members.  *Id.*

Mannon argues that user IDs and metadata "are necessary to confirm the note's creation and any edits," as well as "the accuracy and completeness of the record."  ECF No. 120, PageID.1722.  But Mannon has not explained why such confirmation is needed.  The government stated that Dr. Shuchman created the March 2020 note.  By signing the interrogatory responses, defense counsel certified that, to the best of her "knowledge, information, and belief after a reasonable inquiry," the information was complete and correct and was not made for any improper purpose.  ECF No. 126-5, PageID.2134; Fed, R. Civ. P. 26(g)(1).  Mannon has provided no grounds for questioning that certification.  And "[t]he purpose of a motion to compel discovery is not to challenge the truthfulness

3

of the response but rather to compel a party to answer the interrogatory." *Roden v. Floyd*, No. 2:16-cv-11208, 2019 WL 1098918, at *4 (E.D. Mich. Mar. 8, 2019) (cleaned up). The government has answered.

Interrogatory 2 asked the government to "identify all VA staff (by name, title, or role) who authored or approved the March 2020 [Disruptive Behavior Committee (DBC)] Report [and] describe the specific evidence (e.g., secure messages, witness accounts) used to label Plaintiff as having a 'history of disruptive behavior.'" ECF No. 126-5, PageID.2126 (cleaned up). The government objected that this request sought irrelevant information, as the case is limited to determining the accuracy of a March 4, 2020, medical record.[1] *Id.*, PageID.2126-2127. The government argued that the DBC report was dated March 17, 2020, after the medical record at issue was created, so any information about the DBS report would not bear on the medical record's accuracy. *Id.*

Mannon insists that the requested information is relevant because the DBC report "references similar characterizations" as the March 2020 medical record. ECF No. 120, PageID.1722. The DBC report's significance is unclear, as neither party attached it to the briefing or

---

[1] The government responded to the interrogatories before the Court permitted Mannon to supplement his complaint to add a claim about the accuracy of the April 2020 medical record.

4

described the contents of the report. Did the DBC report examine or illuminate what happened between Mannon and Dr. Shuchman in March 2020? Or did the DBC report merely mirror the information in the medical record? The Court cannot determine whether the DBC report is relevant or whether compelling the identities of those who contributed to the report would be proportional to the needs of the case based on the sparse information presented.

Interrogatory 6 asked the government to "identify all instances (including dates, staff involved, and recipients) from January 1, 2020, to May 16, 2025, where the VA shared Plaintiff's identity or information with law enforcement agencies, including the purpose, content shared, and authorization under 5 U.S.C. § 552a(b)." ECF No. 126-5, PageID.2130 (cleaned up). The government objected that this information was not relevant. *Id.*

The government's position is correct. The Court has twice denied Mannon leave to amend his complaint to add claims about the government's allegedly improper disclosure of his records. ECF No. 58, PageID.754-755; ECF No. 116, PageID.1697-1698. And Mannon has not explained how the information would otherwise relate to his claim disputing the medical records' accuracy.

5

RFP 3 requested "all incident reports, risk management files, and safety assessments related to Plaintiff, including: (a) PRF or DBRS incidents; (b) 'threat' designations; (c) reviews of care denials." ECF No. 126-4, PageID.2112 (cleaned up). The government produced VA DBC minutes from December 2020, March 2020, and March 2021. *Id.*, PageID.2113. But it objected that the RFP was vague and overbroad, as it did not clearly describe the categories of documents sought or limit the period the request covered. *Id.* The government also objected that the requested documents were not relevant to Mannon's claims. *Id.*

Mannon's motion only challenges the government's refusal to produce all DBC minutes referencing him. ECF No. 120, PageID.1723. He argues that the documents are relevant "to the flag chain starting March 17, 2020 citing March 4 record as cause, and police reports confirm no threats, proving inaccuracy." ECF No. 130, PageID.2182. He also argues that withholding the documents prevents him from proving adverse effects such as denied care or loss of rights. *Id.* But Mannon does not explain in any understandable way how the DBC minutes would show that the March and April 2020 medical records were inaccurate. And damages are not relevant to a claim brought under 5 U.S.C. § 552a(g)(1)(A), as only the available

6

remedy under that subsection is an order for the agency to amend the disputed records.  5 U.S.C. § 552a(g)(2)(A).

Last, RFP 5 requests "all VA OGC and ORM correspondence, ESI, and notes related to Plaintiff, including: (a) amendment reviews; (b) DOJ referral or ORM; (c) ORM inaction records."  ECF No. 126-4, PageID.2115 (cleaned up).  The government objected because the request was vague, as it did not define "OGC" or "ORM" or clearly describe "amendment reviews" or "inaction records."  *Id.*  And the government objected that the request was overbroad and sought all documents relating to Mannon no matter if they were relevant to his claims.  *Id.*

The federal rules require that a document request "describe with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A).  A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive."  *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018).  Thus, courts reject document requests that are "unlimited in subject matter and in time, and therefore would sweep in numerous documents that bear no relevance to the claims or defenses raised in this matter."  *Mirmina v. Genpact LLC*,

7

No. 3:16CV00614(AWT), 2017 WL 2559733, at *3 (D. Conn. June 13, 2017).

Mannon's use of terms such as "OGC," "ORM," "amendment reviews," and "inaction records" is indeed vague and would require the government to guess at what documents he seeks.  And the request seeks production of all documents about Mannon, even if they are unrelated to the disputed medical records.  Mannon argues that he seeks internal communications "to show motive, retaliation, and compliance."  ECF No. 120, PageID.1723.  But he does not explain how those issues relate to the accuracy of the two medical records at issue.

### III.     Conclusion

The Court **DENIES** Mannon's motion to compel (ECF No. 120).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 25, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
