UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ROGER MANNON,<br><br>                        Plaintiff,<br><br>v.<br><br>VAMC ANN ARBOR,<br><br>                        Defendant. | Case No. 23-cv-12612<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S
EMERGENCY MOTION TO STAY DEADLINES
(ECF NO. 136)**

## I.  Introduction

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the government's denial of his request to amend two VA medical records allegedly containing inaccuracies.  ECF No. 128.  Mannon maintains that the records incorrectly state that he was aggressive during an appointment and was noncompliant with treatment.  *Id.*, PageID.6-7.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 34.

Mannon moves to stay scheduling order deadlines pending Judge Goldsmith's resolution of his objections to: (1) a May 2025 report and recommendation (R&R) denying his motion for preliminary injunction and (2) an August 2025 order denying his motion to compel.  ECF No. 136.  The Court **DENIES** Mannon's motion.

## II. Analysis

### A.

The Court may modify a schedule only for good cause.  Fed. R. Civ. P. 16(b)(4).  Mannon has not shown good cause to stay the scheduling order deadlines pending resolution of his objections to the R&R.  Judge Goldsmith's ruling on the recommendation to deny Mannon's motion for preliminary injunction would not impact the filing or resolution of the parties' dispositive motions.  Nor would it expand the scope of the case, as Mannon argues.  *See* ECF No. 136, PageID.2389.  The case's scope is governed by the supplemental complaint, which asserts claims disputing the government's refusal to correct alleged inaccuracies in two medical records, under 5 U.S.C. § 552a(g)(1)(a).  ECF No. 128.  The available relief for those claims is limited to an order for the government to correct the records.  5 U.S.C. § 552a(g)(2)(A).

**B.**

Mannon likewise fails to justify a stay pending resolution of his objections to the Court's order denying his motion to compel discovery. As stated in that order, "'When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.'" ECF No. 134, PageID.2379 (quoting E.D. Mich. LR 72.2).

The party seeking a stay pending an appeal of a magistrate judge's order must establish that a stay is warranted. *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001)). The Court must balance four factors when deciding a motion to stay:

> 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay.

*Id.* "The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). Even so, "in order to justify a stay of the district court's ruling, the [moving party] must demonstrate at least serious questions going to the merits and irreparable

harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id.*

Mannon does not address the likelihood of success of his objections or the likelihood that he will suffer irreparable harm absent a stay. For the reasons explained in its August 2025 order, Mannon's objections are unlikely to succeed. Nor is there a risk of irreparable harm. If Judge Goldsmith sustains Mannon's objections and overrules the August 2025 order, the Court will revisit the schedule and order supplemental dispositive briefing as appropriate.

### III. Conclusion

The Court **DENIES** Mannon's motion to stay deadlines (ECF No. 136).

> s/Elizabeth A. Stafford
> ELIZABETH A. STAFFORD
> United States Magistrate Judge

Dated: August 27, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 27, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
