UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ROGER MANNON,<br><br>Plaintiff,<br><br>v.<br><br>VAMC ANN ARBOR,<br><br>Defendant. | Case No. 23-cv-12612<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS, DETERMINATION OF CONSTRUCTIVE DENIAL, AND TO CONSOLIDATE AND FOR LEAVE TO AMEND THE COMPLAINT (ECF NOS. 129, 139)**

### I.   Introduction

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the government's denial of his request to amend two VA medical records, created in March and April 2020, that allegedly contain inaccuracies.  ECF No. 128.  Mannon maintains that the records incorrectly state that he was aggressive during an appointment and was noncompliant with treatment.  *Id.*, PageID.2145-2146.  The Honorable Mark A. Goldsmith referred the case to the

undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 34.

Mannon moves for sanctions, a determination of constructive denial of another Privacy Act request, and consolidation of this case with two other cases. ECF No. 129. Mannon also moves for leave to amend his complaint. The Court **DENIES** both motions.

## II. Analysis

### A.

Mannon asks the Court to impose sanctions against the government under the Court's inherent authority. A court also has the inherent authority to sanction bad-faith conduct, "derive[d] from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). "A primary aspect of [a court's inherent authority] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "Bad faith" includes conduct such as filing a frivolous suit with an improper motive, committing fraud on the court, or recklessly delaying or

disrupting the litigation.  *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 872 (E.D. Mich. 2017).

Mannon argues that the government acted in bad faith by maintaining inaccurate records and by denying his requests to amend those records based on its review of an incomplete administrative record.  ECF No. 129, PageID.2150-2151, 2168.  These arguments implicate the merits of the case rather than any misconduct disrupting the litigation.  "[T]he mere fact that an action is without merit does not amount to bad faith," and "the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings."  *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753 (6th Cir. 2010).  Likewise, a defendant does not act in bad faith merely by advancing a defense that may ultimately be rejected.  Whether the government wrongly denied Mannon's requests to amend the records must be resolved at the dispositive motion stage or at trial.

Mannon also contends that the government has withheld documents and filed an incomplete administrative record with the Court.  ECF No. 129, PageID.2168.  He argues that he "struggl[ed] to get evidence" from the government in support of his motion for preliminary injunction.  *Id.*, PageID.2169.  Mannon fails to show an abuse of judicial process.

Discovery did not begin until March 2025, after Mannon moved for preliminary injunction. ECF No. 62; ECF No. 75. Mannon moved to compel discovery before then, but the Court found his requests too vague to establish relevance. ECF No. 57. And regardless of whether the administrative record is incomplete, the Court permitted the parties to conduct discovery beyond that record. ECF No. 75. Mannon moved to compel the government's responses to discovery requests, but the Court denied the motion. ECF No. 120; ECF No. 134. Mannon has filed no other motions to compel or otherwise shown that the government refused to produce relevant records.

Mannon next argues that the government has unnecessarily delayed the proceedings. ECF No. 129, PageID.2169. He objects to the government's delay in processing a Privacy Act request filed in June 2025. *Id.*, PageID.2148-2150, 2169. But that request is not part of this case, which is limited to the government's denial of Mannon's requests to amend the March and April 2020 medical records. In fact, Mannon filed another

action challenging the new Privacy Act request. *See Mannon v. Dep't of Veteran Affairs*, No. 4:25-cv-12548 (E.D. Mich.).

Mannon's request for sanctions is denied.

**B.**

Mannon also moves for a determination that the government constructively denied his June 2025 Privacy Act request. ECF No. 129, PageID.2148, 2150, 2171-2172. As discussed above, this request is not within the scope of this case and is the subject of another case pending in this district. *See* Compl., *Mannon*, No. 4:25-cv-12548 (E.D. Mich. Aug. 14, 2025), ECF No. 1, PageID.4 (alleging that Mannon's request was constructively denied). The Court declines to rule or make recommendations on matters not properly before it.

**C.**

Mannon moves to consolidate this action with two other actions: (1) a Freedom of Information Act (FOIA) appeal, *Mannon v. U.S. Dep't of Veteran Affairs*, No. 2:24-cv-11635 (E.D. Mich.) and (2) the new Privacy Act action referenced above, *Mannon*, No. 4:25-cv-12548.

"The underlying purpose of [Federal Rule of Civil Procedure] 42 is to promote economy in the administration of justice." *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 439 (S.D. Ohio 2015).

5

Under Rule 42(a), if actions involve "a common question of law or fact," a court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  But a "court may order a separate trial of one or more separate issues [or] claims" because of "convenience, to avoid prejudice, or to expedite and economize," while preserving the right to a jury trial.  Rule 42(b).  "[C]onsolidation under Rule 42 is a matter within the discretion of the Court."  *Guild Assocs.*, 309 F.R.D. at 440.

  This case shares no common questions of law or fact with the other two cases.  As discussed, this case concerns whether the government appropriately denied Mannon's requests to amend alleged inaccuracies in the March and April 2020 medical records.  The FOIA case concerns the government's redactions or withholding of police reports and VA Disruptive Behavior Committee (DBC) minutes.  *See* Compl. *Mannon*, No. 2:24-cv-11635 (E.D. Mich. June 24, 2024), ECF No. 1, PageID.1-9.  The new Privacy Act case also challenges the government's denial of access to and amendment of police reports, DBC records, and other documents.  *See*

Compl. *Mannon*, No. 4:25-cv-12548 (E.D. Mich. Aug. 14, 2025), ECF No. 1, PageID.4.

True, Mannon requested DBC records in discovery in this case, but the Court denied his motion to compel production of those records because he failed to explain their relevance to the claims at issue. ECF No. 134, PageID.2374-2375. And whether the government appropriately responded to Mannon's *administrative* requests for those records—rather than to discovery requests—presents a question unrelated to this case. Mannon's motion to consolidate is thus denied.

### D.

For a third time, Mannon seeks leave to amend his complaint, supposedly to "clarify claims" and to add claims based on newly discovered facts. ECF No. 139. Rule 15(a)(2) states that leave to amend should be freely given "when justice so requires." But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The Rule 12(b)(6) standard for

7

dismissal is described in the Court's March 2025 order denying Mannon's motion to amend his complaint.  ECF No. 58.

Mannon's 100-page proposed amended complaint (PAC) fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8.  That rule requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct."  Rule 8(a)(2), (d)(1).  And the rule ensures that "the district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (cleaned up).  To determine whether a complaint violates Rule 8, "the key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised."  *Id.* (cleaned up).

Mannon's PAC is so lengthy and rambling that it obscures what claims he is asserting.  For example, he includes detailed allegations about DBC records and his communications with the VA after the allegedly inaccurate records were created, the relevance of which is unclear.  ECF No. 139, PageID.2428, 2437-2441.  And the PAC alleges wrongful disclosure of records, claims the Court has rejected twice before.  *Id.*, PageID.2431-2435; *see also* ECF No. 58, PageID.754-755; ECF No. 116,

8

PageID.1697-1698.  In short, the PAC offers a muddled monologue airing all Mannon's grievances against the VA, with no logical organization.

Comprehending the PAC's meaning would require the Court "or opposing party to forever sift through its pages in search of that understanding."  *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (dismissing a 55-page complaint for violating Rule 8).  Such "[a] prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation."  *Flayter v. Wisc. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing a 116-page complaint for violating Rule 8); *see also Sherman v. Saxon Mortg. Servs., Inc.*, No. CIV. 10-2282-STA-TMP, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (collecting cases).  Compounding the confusion, the PAC also violates Rule 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Mannon includes longwinded, six- or seven-page narratives within one numbered paragraph.  *See* ECF No. 139, PageID.2437-2444; 2456-2462.

Leave to amend is also inappropriate because Mannon delayed in seeking to add these claims.  When, as here, "amendment is sought at a

9

late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). "Courts are especially inclined to deny a motion brought under Rule 15 if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." *Springs v. Mayer Brown LLP*, No. 11-13518, 2013 WL 656465, at *2 (E.D. Mich. Jan. 31, 2013) (quoting 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1487 (2d ed. 1990)) (cleaned up).

Permitting Mannon to add new factual allegations and claims at this stage would prejudice the government, as discovery has closed and dispositive motion briefing is underway. Adding new claims would require the government to devise new defense strategies and "expend significant additional resources to conduct discovery and prepare for trial," which would "significantly delay the resolution of the dispute." *See id.*; *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Although Mannon contends that he seeks to add allegations based on newly discovered evidence, he does not explain in an understandable way what evidence gives rise to new claims. ECF No. 139, PageID.2401-2404. Mannon states that he seeks to add claims based on denial of

10

access to DBC records and "use of those inaccurate records in adverse determinations like care restrictions and flags." *Id.*, PageID.2402.  But, as discussed, the alleged denial of access to the DBC records is being litigated in a different case.  And Mannon knew and argued earlier in the litigation that the government restricted his access to healthcare but failed to assert these allegations with the specificity necessary to sustain a valid claim.  *See* ECF No. 58, PageID.753 (citing ECF No. 52, PageID.706-709); ECF No. 62-1, PageID.782, 791.  The Court denies leave to amend.

### III. Conclusion

The Court thus **DENIES** Mannon's motion for sanctions, determination of constructive denial, and consolidation (ECF No. 129) and his motion for leave to supplement the complaint (ECF No. 139).

                                                                  s/Elizabeth A. Stafford
                                                                  ELIZABETH A. STAFFORD
                                                                  United States Magistrate Judge

Dated: September 25, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
