UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROGER MANNON,

    Plaintiff,

v.

VAMC ANN ARBOR,

    Defendant.

Case No. 23-cv-12612
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**ORDER TO DENY PLAINTIFF'S
MOTION FOR SPOLIATION SANCTIONS
(ECF NO. 167)**

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the government's denial of his request to amend two VA medical records, created in March and April 2020, that allegedly contain inaccuracies. ECF No. 128. Mannon maintains that the records incorrectly state that he was aggressive during an appointment and was noncompliant with treatment. *Id.*, PageID.2145-2146. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 34.

Mannon moves for injunctive relief to prevent the government's alleged spoliation of records. ECF No. 167. He contends that a November 2025 response to a FOIA request admits that the government destroyed Disruptive Behavior Committee (DBC) meeting minutes dated between May 2020 and November 2020 and between May 2021 and June 2022. *Id.*, PageID.3794. The letter states that the records were destroyed in the normal course of business under the agency's retention schedule. *Id.* Mannon seeks an order enjoining the government from destroying more records and an adverse inference that the destroyed records favored his claims. *Id.*, PageID.3790.

Although titled a motion for preliminary injunction, the motion more aptly seeks spoliation sanctions under the Court's inherent authority or under Federal Rule of Civil Procedure 37(e). Even so, Mannon is not entitled to a preliminary injunction because an order preventing the destruction of documents is unrelated to his claims that the medical records were inaccurate. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." (cleaned up)).

Nor is Mannon entitled to discovery sanctions for the alleged spoliation, as his motion is untimely. "Absent express permission from the court, parties should assume that the discovery deadline is the end of discovery." *Boone v. Stieve*, 642 F. Supp. 3d 597, 603 (E.D. Mich. 2022). It is within a district court's discretion to deny discovery motions filed after the discovery deadline. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (collecting cases in which "courts have denied discovery motions filed after the close of discovery" and "[r]eviewing courts have also affirmed the denial of untimely motions to compel"); *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196 (E.D. Mich. 2002) ("[C]ourts have denied tardy discovery motions that were filed after the close of discovery, especially where the moving party had all the information it needed to timely file the discovery motion, and its late filing would prejudice the non-moving party.").

Mannon's motion was filed well after the July 2025 discovery deadline and after dispositive motions were fully briefed. *See* ECF No. 75. And Mannon already moved to compel production of the DBC minutes. ECF No. 120, PageID.1723. The Court denied that motion because Mannon failed to explain the relevance of those records in an understandable way. ECF No. 134, PageID.2374-2376. The Court declines to give Mannon a

second chance to contest the government's failure to produce—and destruction of—the DBC minutes after discovery has long since closed. Thus, the Court **DENIES** Mannon's motion for spoliation sanctions.[1]

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 15, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

---

[1] "A magistrate judge's authority to order (rather than recommend) a discovery sanction does not depend on the relief requested, but rather depends on the sanction the magistrate judge actually imposes." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 492 (6th Cir. 2022) (cleaned up).  Because the Court imposes no sanctions, it proceeds by order.  *See id.*

4

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2025.

                                    <u>s/Davon Allen</u>
                                      DAVON ALLEN
                                    Case Manager