UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROGER MANNON,

      Plaintiff,

v.

VAMC ANN ARBOR,

      Defendant.
_____/

Case No. 23-cv-12612

HON. MARK A. GOLDSMITH

**<u>OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 84), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 87), (3) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Dkt. 62), AND (4) DENYING PLAINTIFF'S MOTIONS FOR LEAVE (Dkts. 90, 91, 93, 98)</u>**

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation (R&R) recommending that the Court deny Plaintiff's motion for preliminary injunction (Dkt. 62). R.&R. at PageID.947 (Dkt. 84). Plaintiff Steven Roger Mannon filed objections (Dkt. 87). Defendant VAMC Ann Arbor filed a response (Dkt. 106) and Mannon filed a reply (Dkt. 110).[1] The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Mannon also filed four motions for leave related to his objections (Dkts. 90, 91, 93, 98).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R in its entirety, (ii) overrules Mannon's objections, (iii) denies Mannon's motion for preliminary injunction, and (iv) denies Mannon's motions for leave.

**I.    BACKGROUND**

---

[1] The briefing also includes VAMC's response to Mannon's motion (Dkt. 72) and Mannon's reply (Dkt. 76).

The full relevant factual background is set forth in the R&R. R.&R. at PageID.948–949. Mannon brought suit under 5 U.S.C. § 552a(g)(1)(A) of the Privacy Act seeking review of the Government's denial of his request to amend his VA medical record. See Compl. (Dkt. 1). Mannon objects to a note that Dr. Devon Shuchman added to his VA medical records on March 4, 2020, which stated that he "has been aggressive with providers at the pain clinic," "resistant to multidisciplinary treatment," and that she had concerns about cannabinoids use and "cancelled/no show for mental health appointments." Administrative Record at PageID.548 (Dkt. 49-1) *SEALED.* Mannon alleges that as a result of this note in his medical record, he has suffered harm, including changes to his current pain management treatment plan and delay of benefits. Mot. at PageID.775.

Mannon seeks a preliminary injunction to amend this medical record. R.&R. at PageID.949. Specifically, Mannon seeks to (i) enjoin VAMC from "imposing or maintaining flags, no reply status, restrictions, or law enforcement monitoring…without prior court approval;" (ii) disclosure of all records related to Mannon since February 2020; and (iii) correction of the inaccurate record from March 4, 2020. Mot. at PageID.776.

Mannon makes five objections to the R&R. Obj. at PageID.970–971. Each one lacks merit.

## II. ANALYSIS

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urb. Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). A court must weigh four factors when determining whether to grant a preliminary injunction: (i) "whether the party moving for the injunction is facing immediate, irreparable harm," (ii) "the likelihood that the

movant will succeed on the merits," (iii) "the balance of the equities," and (iv) "the public interest." D.T. v. Sumner Cnty. Sch., 942 F.3d 324, 326 (6th Cir. 2019).

Mannon first objects to the R&R's conclusion that he is unlikely to succeed on the merits. Obj. at PageID.970. The R&R concluded that Mannon was unlikely to succeed on the merits because he offered no evidence to dispute Dr. Shuchman's statement in the record that he "has been aggressive with providers." R.&R. at PageID.953. Mannon responds with six points: (i) "polite email (24 Feb 2020) – 'I need a refill … Thank you.' CAR 0001. Directly.refutes (sic) 'aggressive' label;" (ii) "Egger letter (8 Jun 2022) – long-term compliance, no aggression;" (iii) "Diponio audio (2 Apr 2020) – 'very compliant…disagrees with taper;'" (iv) "VA's amendment denial (7 Mar 2023) admits 'no clear evidence to suggest otherwise,' but ignores every record above (§ 552a(d)(2) violation;" (v) "[u]nder R.R. v. Dep't of Army, 482 F. Supp. 770 (D.D.C. 1980), factual assertions (patient demeanor, appointment attendance) are amendable; clinical opinions are not;" and (vi) "R&R relies on Kursar but Kursar concerned predictive security judgments, not objective statements of past behavior." Obj. at PageID.970. None of these points demonstrates a likelihood of success on the merits.

The Court construes Mannon's first and second points to be references to part of the Administrative Record in this case. See Administrative Record at PageID.548, 570–571. Mannon's evidence of his "polite email" on February 24, 2020 and interactions with another doctor does not refute Dr. Shuchman's notation on March 4, 2020. Mannon's non-aggressive behavior at other times, with other people, does not demonstrate that he was not aggressive during the encounter or encounters which led to Dr. Shuchman's notation in his file.

The Court does not understand Mannon's third, fourth, and fifth points: "Diponio audio (2 Apr 2020) – very compliant…disagrees with taper;" VA's final decision letter; and the R.R. case.

3

Obj. at PageID.970. Mannon does not elaborate further. This Court need not evaluate arguments that Mannon fails to develop. See ECIMOS, LLC v. Nortek Glob. HVAC, LLC, 736 F. App'x 577, 583–584 (6th Cir. 2019) ("[T]his court has consistently declined to review issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (punctuation modified).

The Court construes Mannon's last point—"Kursar concerned predictive security judgments, not objective statements of past behavior," Obj. at PageID.970—as asserting that the R&R's citation to Kursar v. Transp. Sec. Admin., 751 F. Supp. 2d 154, 170 D.D.C 2010) is incorrect. While it is true that the facts of Kursar are different than the facts in this case—as Kursar involved a request to amend an employment record, rather than medical records—the rule stated in Kursar is applicable here. Like this case, Kursar involved an alleged violation of 5 U.S.C. § 552a(g)(1)(A). Kursar, 751 F. Supp. at 157. Because the R&R's reliance on Kursar was sound, the Court overrules this last point, along with all the other points comprising objection one.

Mannon's second objection is that the R&R "ignores" his concrete, irreparable harm. Obj. at PageID.970–971. The Sixth Circuit explains that "even the strongest showing" of the other factors, "cannot eliminate the irreparable harm requirement." D.T., 942 F.3d at 327. The irreparable harm factor is "indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit." Id. (emphasis in original). "To merit a preliminary injunction, an injury 'must be both certain and immediate,' not 'speculative or theoretical.'" Memphis A. Philip Randolph Inst. v. Hargett, 978 F.3d 378, 391 (6th Cir. 2020) (punctuation modified). "A plaintiff's harm from the denial of [injunctive relief] is irreparable if it is not fully compensable by monetary damages." Overstreet, 305 F.3d at 578. "[A]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would

4

make damages difficult to calculate." Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992).

Mannon argues that the three harms the R&R "ignores" are: (i) "SSD denial lasted 26 months; remand occurred only after addendum discredited;" (ii) "care restrictions: PFR forbids direct e-mail, requires police escort, blocks multi-level spine injections (Yockey 8/11/22);" and (iii) "police harassment & CPS/FBI threats (OIG call 7/15/22) chill speech and endanger family." Obj. at PageID.971. He cites Mich. Coal. of Radioactive Materials Users, Inc. v. Griepentrog, 945 F.2d 150 (6th Cir. 1991) and argues that it recognizes irreparable harms of "economic hardship, delayed medical care, and ongoing stigma." Id.

Mannon made these same arguments in his original motion. See Mot. at PageID.775 ("inaccurate records delay benefits;" "[c]are loss: Dr. Shuchman's record before the court remains one of the most recent and drives my current care treatment plan, medications & limits access to other providers…;" and "threats from SWATTING and police action based on secret flags…") (emphasis in original). His objection does not, however, explain how the R&R erred in its conclusion that he did not suffer irreparable harm. See Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Regardless, the Court agrees with the R&R's conclusion that Mannon failed to satisfy the irreparable harm factor. R.&R. at PageID.956. The R&R reached this conclusion because it found that Mannon failed to provide any evidence, or the evidence that he provided was "unintelligible or inaccurate." Id.

Mannon's second objection does not show how the R&R was wrong about the irreparable issue. As for his first alleged harm, Mannon does not provide evidence or a citation to the record. Obj. at PageID.971. As for his second and third alleged harms, Mannon supplies citations, ("Yockey 8/11/22" and "OIG call 7/15/22"), but the Court cannot find either of these citations in the record. The Court cannot find irreparable harm based on Mannon's statements that are untethered to the record.

Mannon's citation to Griepentrog is misplaced because it does not recognize irreparable harms in the form of "economic hardship, delayed medical care, and ongoing stigma"—the kinds of harms Mannon argues he has suffered. Obj. at PageID.971. The Griepentrog court granted a stay of a judgment and a permanent injunction pending appeal of a district court judgment that had enjoined defendants from denying access to disposal facilities for low-level radioactive waste generated in Michigan. 945 F.2d at 152. The court found that the defendants had identified irreparable harm because they did not have adequate facilities to store low-level radioactive waste while their appeal was pending. Id. at 155. Difficulties with storing radioactive waste have no relation to the kinds of harms of which Mannon complains. Objection two is overruled

Mannon's third and fourth objections are that "due process violations warrant immediate relief" and that he has shown a record of retaliation under 5 U.S.C. § 552a(g)(1)(D). Obj. at PageID.971. But Mannon has not alleged a due process violation, nor has he alleged a claim under 5 U.S.C. § 552a(g)(1)(D). See Compl. Objections three and four are overruled.

In objection five, Mannon protests the R&R's critique of his citations. Obj. at PageID.971–972. In analyzing whether Mannon was likely to succeed in his claim, the R&R found that Mannon's record citations that "purportedly support[] the alleged events are [] unintelligible or inaccurate." R.&R. at PageID.953. The R&R made similar findings related to Mannon's

6

irreparable harm arguments. Id. at PageID.956 ("As described above, Mannon's citations are either unintelligible or inaccurate."). In his objection, however, Mannon does not show that the critique is unjustified. Instead, he blames the "VA's wholesale redactions" and asserts that "FOIA fees refunded…show VA acknowledged improper withholdings." Obj. at PageID.972. This objection is still unintelligible, and the Court will not construct or attempt to guess at Mannon's argument. See ECIMOS, LLC, 736 F. App'x at 583–584. Objection five is overruled.[2]

### III. CONCLUSION

The Court adopts the R&R (Dkt. 84), overrules Mannon's objections (Dkt. 87), denies Mannon's motion for preliminary injunction (Dkt. 62), and denies Mannon's motions for leave (Dkts. 90, 91, 93, 98).

**SO ORDERED.**

Dated: December 31, 2025              s/Mark A. Goldsmith
Detroit, Michigan                         MARK A. GOLDSMITH
                                              United States District Judge

---

[2] Mannon filed four other motions related to his objections. See Dkts. 90, 91, 93, and 98. These motions are titled as motions for leave to file excess pages, Dkts. 90, 91, and motions for leave to file supplemental objections, Dkts. 93, 98. These four motions were filed after the 14-day window allowed to file objections to an R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The Court will not consider them.

Mannon also filed a "notice" on 6/3/25 that he was having technical difficulties uploading exhibits (Dkt. 89). In this notice, he states that his objections (Dkt. 84) are complete but he requests leave to file 46 pages of objections and 118 pages of exhibits. He acknowledges that his deadline to file his objections was 6/2/25. Mannon makes no showing that such an excessive number of pages is required to set forth his objections. The Court will also not consider this late and oversize filing.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 31, 2025.

                                                s/Joseph Heacox
                                                JOSEPH HEACOX
                                                Case Manager