UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROGER MANNON,

       Plaintiff,

v.

                                       Case No. 23-cv-12612
                                       HON. MARK A. GOLDSMITH

VAMC ANN ARBOR,

       Defendant.

_____/

**OPINION & ORDER OVERRULING OBJECTIONS (Dkts. 59, 60, 118, 121, 135) AND DENYING MOTIONS FOR LEAVE (Dkts. 69, 71)**

Before the Court are pro se Plaintiff Steven Roger Mannon's objections (Dkts. 59, 60, 118, 121, 135) to several of the Magistrate Judge's orders.  3/11/25 Order (Dkt. 57); 3/12/25 Order (Dkt. 58); 7/17/25 Order (Dkt. 116); 7/17/25 Order (Dkt. 117); 8/25/25 Order (Dkt. 134).  Also before the Court are Mannon's two motions for leave to file supplemental evidence related to his objections (Dkts. 69, 71).  For the reasons that follow, the Court overrules all of Mannon's objections and denies his motions for leave.

## I.   ANALYSIS

"Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law."  Bisig v. Time Warner Cable, Inc., 940 F.3d 205, 219 (6th Cir. 2019) (punctuation modified).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo."  Id. (punctuation modified).  "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Id.

(punctuation modified).  "And [a]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Id. (punctuation modified).

### A.  Objections to Order Denying Motion to Compel (Dkt. 59)

A magistrate judge's order on a non-dispositive motion in the context of discovery motions is entitled to the same "broad discretion" enjoyed by a district judge.  Todd v. RBS Citizens, N.A., No. 10-10425, 2010 WL 3943545, at *2 (E.D. Mich. Oct. 6, 2010).  Such rulings are reviewed for abuse of discretion—meaning that the reviewing court determines whether the magistrate judge applied the wrong legal standard, misapplied the correct legal standard, or relied on clearly erroneous findings of fact.  Id.; see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017), aff'd, No. 14-cv-11700, 2017 WL 3116261 (E.D. Mich. July 21, 2017).  None of Mannon's objections to the Magistrate Judge's order meets these standard of review requirements.

One of the reasons the Magistrate Judge denied Mannon's motion to compel is because he did not make discovery requests before filing his motion.  3/11/25 Order at PageID.743.  In his first objection, Mannon argues that his request for documents, made in his reply brief to his motion to compel, is a sufficient discovery request and that the Magistrate Judge erred in overlooking his request. Obj. at PageID.758 (Dkt. 59).  Discovery requests are not properly made by way of motion or as part of a responsive pleading.  Mannon must request documents under Federal Rule of Civil Procedure 34.  Pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  See McNeil v. United States, 508 U.S. 106, 113 (1980).  Objection one is overruled.

Mannon also objects to the order's conclusion that he has not shown the relevance of the requested documents.  Obj. at PageID.759.  He lists document names and argues that he demonstrated the documents' relevance in his reply brief.  Id.  But his reply brief contains only

2

vague explanations of the listed documents' relevance.  Reply Br. at PageID.737 (Dkt. 55).  The Magistrate Judge's decision to deny Mannon's motion to compel based on vague explanations of relevance does not amount to an abuse of discretion.  Objection two is overruled.

### B.  Objections to Order Denying Motion to Amend/Correct (Dkt. 60)

The Magistrate Judge denied Mannon's motion to amend/correct his complaint to add three new claims under the Privacy Act, 5 U.S.C. §§ 552a(g)(1)(B), (C), and (D), on futility grounds. 3/12/25 Order.  Futility is an issue of law so the Court reviews this decision de novo.  Bisig, 940 F.3d at 219.

Mannon's first objection is labeled "[p]rocedural [m]isapplication."  Obj. at PageID.760 (Dkt. 60).  Mannon states that the "order's exclusion of Plaintiff's filings [] to resolve records access issues under E.D. Mich. LR 15.1 [] is **clearly erroneous**."  Id.  Local Rule 15.1 dictates the form of a motion to amend and its supporting documentation.  E.D. Mich. R. 15.1.  But Mannon's objection does not present any understandable argument why there was any non-compliance with the local rule.  The objection is overruled.

Mannon's second objection is similarly unintelligible.  He objects to the Magistrate Judge's finding that his proposed amendments would be futile.  Obj. at PageID.761.  However, his objection consists of listing documents and cases.  He does not show how these listed documents and cases amount to plausibly pleaded claims under 5 U.S.C. §§ 552a(g)(1)(B), (C), (D). Objection two is overruled.

### C.  Motions for Leave to File Supplemental Evidence (Dkts. 69, 71)

Mannon also filed two motions (Dkts. 69, 71) for leave to file supplemental evidence in support of his reply (Dkt. 68) to his objections related to his to motion compel and his motion to amend/correct (Dkts. 50, 51).  Mannon cites no authority that allowed him to file a reply to his

objections—likely because there is none.  In fact, case law says there is no such right.  See Shophar v. Gorski, No. 17-13322, 2018 WL 4442268 at *3, n.3 (Sept. 18, 2018) ("Neither the Local Rules nor the Federal Rules of Civil Procedure provide a right to file a reply in support of objections to an R&R.").  Because Mannon had no right to file a reply in support of his objections, he certainly has no right to supplement that reply with additional evidence.

Regardless, upon review of Mannon's supplemental evidence, the Court is not persuaded that, even allowing it, the Magistrate Judge abused her discretion in denying Mannon's motion to compel; nor did she err in denying Mannon's motion to amend/correct.  Both of Mannon's motions describe the three supplemental pieces of evidence he would like the Court to consider as "(1) an email chain with Brian Tierney, Deputy Chief Counsel, OGC (May 4–19, 2022), (2) the Patient Record Flag (PRF) from FOIA #22-09175-F (September 21, 2022), and (3) an email chain with AUSA Christopher Doyle (September 26–27, 2024)."  Mot. at PageID.833 (Dkt. 69); Mot. at PageID.848 (Dkt. 71).  Mannon provides no explanation how the additional evidence would show that the Magistrate Judge erred.  His motions merely list the three pieces of evidence and conclude, without explanation, that the evidence supports his claims.  Mot. at PageID.833–834 (Dkt. 69); Mot. at PageID.848–849 (Dkt. 71).  Both motions are denied.

### D.  Objection to Order Denying Motion for Leave to Supplement the Complaint (Dkt. 118)

Mannon next objects to part of the Magistrate Judge's order that denies him leave to supplement his complaint to bring a claim of improper disclosure of an April 3, 2020 record under 5 U.S.C. § 552a(g)(1)(D).[1]  Obj. at PageID.1703 (Dkt. 118).  The Magistrate Judge correctly found

---

[1] As the Magistrate Judge notes, Mannon moves to add this claim under 5 U.S.C. § 552a(g)(1)(C). 7/17/25 Order at PageID.1697, n.2; Mot. at PageID.1488;1490 (Dkt. 102).  But motions for

4

that the amendment would be futile because Mannon had not sufficiently alleged one of the essential elements of an improper disclosure claim—how the disclosure would adversely affect him—because he offers only conclusory allegations of harm without supporting facts.  7/17/25 Order at PageID.1698.  Mannon disagrees, arguing that he has shown that he was adversely affected because after the disclosure, his communications with Senator Brown and Representative Latta ceased.  Obj. at PageID.1708.  Mannon also argues that the dissemination caused him "reputational harm within the VA and with other oversight bodies."  Id.  And that there was a "practical obstruction of his ability to seek further redress" because when agencies and officials heard the VA's version of events, they "became unresponsive to his pleas."  Id. at PageID.1710.

Mannon's arguments are contrary to law.  To plausibly plead the fourth element of a § 552a(g)(1)(D) claim, Mannon must allege "actual damages connected to the adverse effect."  Doe v. U.S. Dep't of Just., 660 F. Supp. 2d 31, 49 (D.D.C. 2009) (punctuation modified).  "[T]he Privacy Act authorizes recovery from the [g]overnment for actual damages but limits ... liability to harm that can be substantiated by proof of tangible economic loss."  Mullane v. United States Dep't of Just., 22-cv-725, 2024 WL 3359534, at *8 (D.D.C. July 10, 2024) (punctuation modified).  "In other words, [t]he Privacy Act does not allow a claim for damages based on reputational or emotional harm."  Id. (punctuation modified).  Mannon's "adverse effect" allegations only concern reputational harm and no specification of any tangible economic loss.  See Obj. at PageID.1713 ("The proposed complaint…alleges specific injuries—reputational harm and the obstruction of Mannon's access to his representatives flowing from the VA's disclosures.").  Mannon's proposed amended pleading would be futile under § 522a(g)(1)(D). His objection is overruled.

---

improper disclosure are properly brought under 5 U.S.C. § 552a(g)(1)(D).  7/17/25 Order at PageID.1697, n.2.

**E. Objection to Order Striking Filings (Dkt. 121)**

Mannon also objects to the Magistrate Judge's order striking four of his filings (Dkts. 105, 107, 108, and 111); see Obj. (Dkt. 121).  The Magistrate Judge struck these filings as they did not comport with Federal Rule of Civil Procedure 7, which authorizes the filing of specified pleadings and motions.  7/17/25 Order at PageID.1700.  As the Magistrate Judge explained, two of the filings asked the court to take "judicial notice of matters not at issue in this case" and the other two filings asked the court to note issues to "preserve" them.  Id. at PageID.1701.

Mannon objects to the Magistrate Judge's characterization that his filings at Dkts. 105 and 111 are not at issue in his case.  Obj. at PageID.1730.  But Mannon makes no argument as to the Magistrate Judge's finding that the filings were improper under Rule 7, which is the order's primary ruling.  See Fields v. Lapeer 71-A Dist. Ct. Clerk, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that conclusory objections that did not address how the report's factual and legal recommendations were incorrect were not proper objections).  Accordingly, objection one is overruled.

Mannon also objects to the Magistrate Judge striking his filings at Dkts. 107 and 108.  Obj. at PageID.1730.  He states that his filing located at Dkt. 107 is to "preserve[] constitutional claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), related to retaliation for protected activity (e.g., complaints and FOIA requests)."  Id.  But Mannon has not plead constitutional claims.  He has only asserted claims under the Privacy Act.  Regardless, the filings are not permitted under Rule 7.  Objection two is overruled.

Mannon's third objection is that the Magistrate Judge's order contravenes the rule that pro se litigants' filings must be liberally construed.  Id. at PageID.1730–1731.  As the Court has already

stated, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. See McNeil, 508 U.S. at 113. Objection three is overruled.

**F. Objection to Order Denying Motion to Compel (Dkt. 135)**

Mannon makes three objections to the Magistrate Judge's order denying his motion to compel. See Obj. (Dkt. 135); 8/25/25 Order. None has merit.

Mannon first objects to the order on the basis that it "[c]onflicts with Judge Goldsmith's [] [d]irective" to file a joint "CAR." Obj. at PageID.2383. Mannon writes, "[t]he motion to compel sought to enforce the Court's directive. Denying it ratifies DOJ's violation and leaves an incomplete CAR in place, a result contrary to 5 U.S.C. § 552a(g)(2)(A)'s de novo standard." Id. The Court does not understand Mannon's objection. It is overruled.

Mannon next objects to the Magistrate Judge's determination not to compel the Government to respond to Mannon's second interrogatory. Id. at PageID.2383–2384. The Magistrate Judge could not determine the significance of the requested interrogatory answer because neither party had attached the Disruptive Behavior Committee (DBC) report, which the Magistrate Judge determined was essential to her decision. 8/25/25 Order at PageID.2374–2375. Mannon does not explain why she was wrong about that. Because there has been no showing of an abuse of discretion, Mannon's second objection is overruled.

Mannon's third objection concerns a statement that the Government made in objecting to Mannon filing a "supplemental complaint," without leave, on the docket. Obj. at PageID.2384. Because this objection does not pertain to the Magistrate Judge's order denying his motion to compel, the Court will not consider it. Objection three is overruled.

## II.    CONCLUSION

Accordingly, Mannon's objections (Dkts. 59, 60, 118, 121, 135) are overruled.   His motions for leave to file supplemental evidence (Dkts. 69, 71) are denied.

**SO ORDERED.**

Dated: February 13, 2026                          s/Mark A. Goldsmith
Detroit, Michigan                                 MARK A. GOLDSMITH
                                                  United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2026.

                                                  s/Joseph Heacox
                                                  JOSEPH HEACOX
                                                  Case Manager