UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROGER MANNON,

Plaintiff,

v.

VAMC ANN ARBOR,

Defendant.

Case No. 23-12612
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**ORDER STRIKING PLAINTIFF'S IMPROPER FILINGS
(ECF NOS. 144, 158, 160, 161)**

Plaintiff Steven Roger Mannon brings this action under the Privacy Act, 5 U.S.C. § 552a(g)(1)(A), seeking review of the government's denial of his request to amend two Department of Veterans Affairs (VA) medical records that allegedly contain inaccuracies.  ECF No. 128.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 34.

The Court strikes Mannon's improper filings.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.  Parties may

also file motions that "state with particularity the grounds for seeking" a court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies to motions.  E.D. Mich. LR 7.1(d).

The Court authorized Mannon to move for summary judgment by August 31, 2025; the government to move for summary judgment by September 30, 2025; and Mannon to reply by October 27, 2025.  ECF No. 75; ECF No. 150.[1]  The parties submitted the permitted filings.  ECF No. 140; ECF No. 146; ECF No. 151.  Mannon also submitted several unauthorized "notices of supplemental authority" regarding the cross-motions for summary judgment without first seeking leave to do so.  ECF No. 144; ECF No. 158; ECF No. 160; ECF No. 161.

"There is no federal or local rule governing notices of supplemental authority."  *United States v. William Beaumont Hosp.*, No. 2:10-cv-13440, 2019 WL 9094425, at *3 (E.D. Mich. June 7, 2019).  True, there is precedent for the filing of notices of supplemental authority when a relevant Sixth Circuit or Supreme Court case is issued after briefing on a motion has concluded.  *Lee v. McDonald*, No. 05-cv-60238, 2008 WL 597287, at *1 (E.D. Mich. March 3, 2008) (citing *In re CMS Energy ERISA Litig.*, 312

---

[1] August 31, 2025, was the Sunday of Labor Day weekend.  Although technically untimely, Mannon filed his motion on September 2, 2020, the next business day.

F.Supp.2d 898, 903 n.3 (E.D. Mich. 2004)).  But Mannon's supplemental filings include no new authority.

Despite their titles, Mannon's filings are sur-replies continuing to argue his motion for summary judgment.  The general rule is that sur-replies are disfavored, so the applicable local rule does not allow for a sur-reply.  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012); E.D. Mich. LR 7.1.  A party wishing to file a sur-reply must file a motion for leave that sets forth "good cause." *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019).  Mannon did not move for leave to file his notices.

Because Mannon's notices of supplemental authority are not motions or other filings authorized under Rule 7 or the local rules, the Court **STRIKES** them.  The Court also **WARNS** Mannon that he will face sanctions if he clogs the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Mannon's pro se status

does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  The sanctions that Mannon may face include (1) involuntary dismissal with prejudice;[2] (2) revoking the plaintiff's IFP status;[3] and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court.[4]

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 27, 2026

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous

---

[2] See *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520 (6th Cir. 2016).

[3] See *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Molter v. Trinity Health*, ___ F.Supp.3d ___, 2025 WL 3295122, at *4 (E.D. Mich. Nov. 26, 2025).

[4] See *Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1442, 1450 (E.D. Mich. 1988).

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.