UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROGER MANNON,

   Plaintiff,

v.            Case No. 23-cv-12612
            HON. MARK A. GOLDSMITH
VAMC ANN ARBOR,

   Defendant.

              /

**OPINION & ORDER OVERRULING OBJECTIONS (Dkts. 147, 174) AND DENYING
MOTIONS FOR LEAVE (Dkts. 148, 155)**

Before the Court are pro se Plaintiff Steven Roger Mannon's objections (Dkts. 147, 174) to two of the Magistrate Judge's orders. 9/25/25 Order (Dkt. 145); 12/15/25 Order (Dkt.173). Also before the Court are Mannon's two motions for leave to file supplemental evidence related to his objections (Dkts. 148, 155). For the reasons that follow, the Court overrules all of Mannon's objections and denies his motions for leave.

**I. ANALYSIS**

"Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law." Bisig v. Time Warner Cable, Inc., 940 F.3d 205, 219 (6th Cir. 2019) (punctuation modified). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." Id. (punctuation modified). "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id.

(punctuation modified).  "And [a]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Id. (punctuation modified).

### A. Objections to 9/25/25 Order (Dkt. 147)

The 9/25/25 Order denied two of Mannon's motions—his motion for sanctions and consolidation of related cases (Dkt. 129) and his motion for leave to amend his complaint (Dkt. 139).

### 1. Sanctions

A district court reconsidering a magistrate judge's order to deny sanctions is subject to clear error review.  Murray v. City of Columbus, 534 F. App'x 479, 484 (6th Cir. 2013).  Mannon's objection to the Magistrate Judge's order does not meet this standard of review requirement.

One of the reasons the Magistrate Judge denied Mannon's motion for sanctions is because, rather than demonstrating that VMAC acted in bad faith such that sanctions are appropriate, he makes arguments that "implicat[e] the merits of the case."  9/25/25 Order at PageID.2584 (punctuation modified).  As the order stated, Mannon has not described "any misconduct disrupting the litigation."  Id.

Mannon objects arguing that the VAMC should be sanctioned for bad-faith litigation tactics of "concealment and delay."  Obj. at PageID.2674.  Mannon's evidence is presented in incomplete sentences, so it is hard for the Court to understand.  From what the Court can understand from Mannon's explanation of VAMC's supposed "concealment and delay," he devolves into the merits of the case and invokes the merits of other cases he has before this Court. See e.g., id. at PageID.2674–2675 ("[c]oncealment of DBC [disruptive behavior committee] records;" "FOIA suit's redactions challenges [] further show pattern of withholding;" "[s]ur-reply in FOIA case [] details VA routing FOIA/Privacy Act requests as 'harassment;'" "[e]mails omit

2

aggression/non-compliance mentions"). Thus, there is no clear error and his objection is overruled.

### 2. Constructive Denial of June 2025 Privacy Act Request

The Magistrate Judge denied Mannon's request for a determination that the VAMC constructively denied his June 2025 Privacy Act request because it is not a request within the scope of this case. Rather, it is the subject of Mannon's other case in this district, 25-cv-12548 (E.D. Mich. 2025). 9/25/25 Order at PageID.2586.

Mannon objects asserting that the "appeal seeks amendment of DBC records tied to the March/April 2020 inaccuracies—core to this suit." Obj. at PageID.2675. While the DBC records at issue in his other case might be related to the records at issue in this suit, that does not mean that the Court has authority to make determinations about them. Mannon's objection is overruled.

### 3. Denial of Consolidation

The Magistrate Judge denied Mannon's request to consolidate this action with his two other actions before this Court, Mannon v. Dep't of Vetern Affairs, No. 24-cv-11635 (E.D. Mich) and Mannon v. Dep't of Veteran Affairs, No. 25-cv-12548 (E.D. Mich). 9/25/25 Order at PageID.2586–2588. Mannon objects, stating that the denial is "contrary to law" and then listing the facts that he claims overlap. Obj. at PageID.2676.

Merely disagreeing with the R&R is not a proper objection. Howard v. Sec'y of Health and Hum. Servs., 932 F.2d 505, 508–509 (6th Cir. 1991) (explaining that a general disagreement with an R&R is not a proper objection). Further, as the R&R states, the decision to consolidate is within the Court's discretion and is only reviewable for abuse of that discretion. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993). The Magistrate Judge found that the cases were not sufficiently similar, based on an insufficiency of common questions of law and fact. 9/25/25 Order

at PageID.2586–2588.  Mannon has not shown how the Magistrate Judge abused her discretion. Also, since Mannon's objections were filed, this Court dismissed the No. 24-cv-11635 case. 1/12/26 Op. & Order (Dkt. 33).  Mannon's objection is overruled.

### 4.  Leave to Amend

The Magistrate Judge denied Mannon's third motion to amend his complaint to "clarify claims" and to add claims.  9/25/25 Order at PageID.2588–2592.  The Magistrate Judge explained that Mannon's proposed amended complaint does not satisfy Rule 8 pleading standards as it alleges claims that the Court has rejected twice and is not comprehendible.  Id. at PageID.2589–2590. Further, the Magistrate Judge found that Mannon delayed bringing his new claims, he did not understandably explain what "new" evidence he has to justify his new claims, and that Mannon's delay in presenting those claims prejudices VAMC.  Id. at PageID.2590–2592.  Futility is an issue of law so the Court reviews this decision de novo.  Bisig, 940 F.3d at 219.

Mannon's objections are not persuasive.  As to the Magistrate Judge's conclusion that his proposed amended complaint violates Rule 8 pleading standards, Mannon asserts that "verbosity alone [is] not grounds for denial if claims [are] discernable."  Obj. at PageID.2677.  But the Magistrate Judge did not deny Mannon's motion to amend because it was verbose.  The motion was denied because his claims were "obscured."  9/25/25 Order at PageID.2589.  This argument fails.

Mannon next contests the Magistrate Judge's conclusion that he delayed bringing his claims.  Obj. at PageID.2677.  He asserts that his proposed amendment is "based on new evidence post-scheduling order (ECF. No. 75)" followed by a half-page list of the purported evidence.  Id. The scheduling order, found at Dkt. 75, states that discovery is due by 7/31/25.  3/31/25 Scheduling Order at PageID.873.  Mannon did not file the instant motion (Dkt. 139) until September 2, 2025,

about a month later.  The Sixth Circuit has held that it is not an abuse of discretion to deny a motion to amend a complaint that adds new claims when the motion is made after the close of discovery and there is not an adequate explanation to justify the delay.  See e.g., Caldwell v. Moore, 968 F.2d 595, 598–599 (6th Cir. 1992).  Mannon's only excuse for the delay is that he found new evidence after the discovery cut-off date, but he does not explain why the new evidence could not have been discovered earlier with reasonable diligence.  Finding new evidence, in and of itself, is not a sufficient explanation.

Mannon also argues that his amendment will not prejudice VAMC.  Obj. at PageID.2677– 2678.  He states that the amendments "amplify" existing claims, that there are no new parties, discovery is closed, dispositive motions are pending, and that VAMC has "defended similar issues."  Id. at PageID.2677.  But the Sixth Circuit has routinely found that when discovery is closed and dispositive motions are pending, it is prejudicial to allow amendment to a complaint. See Gunnels v. Kenny, 700 F. App'x 478, 484 (6th Cir. 2017); see also Inge v. Rock Fin. Corp., 388 F.3d 930, 938 (6th Cir. 2004) ("Defendant would have been unduly prejudiced by . . . another amendment . . . after all significant discovery had been completed and after dispositive motion cut-off date.").

Lastly, Mannon argues that his new claims are "plausible."  Obj. at PageID.2678. However, the Court does not understand his explanation why.  His explanation consists of listing documents and cases.  He does not show how these listed documents and cases amount to plausibly pleaded claims.

His objections are overruled.

**B.  Motions for Leave to File Supplemental Evidence (Dkts. 148, 155)**

Mannon also filed two motions (Dkts. 148, 155) for leave to file supplemental evidence in support of his objections to the 9/25/25 Order (Dkt. 147).  The motions appear identical.[1]  He asserts that this additional evidence is a "visual aid to clarify the timeline of the VA's misconduct" and that it supports his arguments related to sanctions and amending his complaint and that the evidence is late due to technical difficulties.  10/14/25 Mot. at PageID.3139; 10/20/25 Mot. at PageID.3413.

Upon review of Mannon's supplemental evidence, the Court is not persuaded that, even allowing this supplemental evidence, the Magistrate Judge abused her discretion in denying Mannon's motion for sanctions and to amend his complaint.  The additional evidence consists of a table with columns labeled, "Date," "Event," "Reprisal Action," and "Evidence/Tie."  Mannon provides no explanation about how the additional evidence shows that the Magistrate Judge erred.  His tables merely list events and concludes, without explanation, that the evidence supports his claims.  10/14/25 Mot. at PageID.3143–3147; 10/20/25 Mot. at PageID.3418–3422.  Both motions are denied.

### C.  Objections to 12/15/25 Order (Dkt. 174)

The 12/15/25 Order denied Mannon's Emergency Motion for Preliminary Injunction and Preservation Order to Prevent Spoilation of Evidence (Dkt. 167).  The Magistrate Judge found that Mannon was not entitled to a preliminary injunction because the destruction of documents was distinct from his claims that his medical records were inaccurate.  12/15/25 Order at PageID.4102.  The 12/15/25 Order also found that Mannon's motion was filed after the close of discovery and

---

[1] The 10/20/25 motion is one page longer because it contains an extra blank page.  10/20/25 Mot. at PageID.3416.

after the Court had already denied another motion by Mannon to compel the records at issue. Id. at PageID.4103. Mannon makes three objections. Obj. at PageID.4108–4110. All are meritless.

In his first objection, Mannon argues that the 12/15/25 Order erred in concluding that the preservation of the records is unrelated to his Privacy Act claim to amend his inaccurate medical records. Obj. at PageID.4108. He argues that courts "interpreting the Privacy Act have consistently held that record 'accuracy' cannot be assessed in isolation from how the record is interpreted, relied upon, and operationalized by the agency," citing Doe v. United States, 821 F.2d 694, 699 (D.C. Cir. 1987) and Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996). Id.

However, neither of those cases say that. Doe is about a government employee whose report of investigation, which contained an agent and Doe's conflicting accounts of what Doe said during an interview, satisfied the Privacy Act's standard of maintaining accurate records under 5 U.S.C. § 552a(g). 821 F.2d at 695. The court found that it did. Id. at 701. Deters concerns claims under different sections of the Privacy Act—not a claim under § 552a(g)(1)(A), which is the only statute under which Mannon brings claims in this case. 85 F.3d at 657. Objection one is overruled.

Mannon's second objection is that the 12/15/25 Order "[i]mproperly [t]reats [d]iscovery [c]losure as [e]liminating the [d]uty to [p]reserve [e]vidence." Obj. at PageID.4109. Mannon argues that "[w]hile courts may deny tardy discovery motions, the duty to preserve evidence is independent of discovery deadlines and arises when litigation is reasonably foreseeable." Id. That is just it—the Magistrate Judge denied a tardy discovery motion. Objection two is overruled.

In his third objection, Mannon asserts that the 12/15/25 Order "[f]ails to [a]ddress [u]ndisputed [p]rejudice [r]esulting [f]rom [l]oss of [o]perative PFR [i]nstructions." Obj. at

PageID.4110. The Court need not consider the prejudice to Mannon—it denied his motion because it was untimely, not on the merits. 12/15/25 Order at PageID.4103. Objection three is overruled.

## II. CONCLUSION

Accordingly, Mannon's objections (Dkts. 147, 174) are overruled. His motions for leave to file supplemental evidence (Dkts. 148, 155) are denied.

**SO ORDERED.**

Dated: June 29, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager