UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROGER MANNON,

        Plaintiff,

v.                                     Case No. 23-cv-12612
                                          HON. MARK A. GOLDSMITH

VAMC ANN ARBOR,

        Defendant.

_____/

### OPINION & ORDER (1) ADOPTING THE REPORT AND RECOMMENDATION (Dkt. 183), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 188), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 140), (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 146), AND (5) DENYING PLAINTIFF'S MOTIONS FOR LEAVE (Dkts. 186, 187)

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation (R&R) recommending that the Court deny Plaintiff's motion for summary judgment (Dkt. 140) and grant Defendant's motion for summary judgment (Dkt. 146). R. & R. at PageID.4160 (Dkt. 183). Plaintiff Roger Mannon filed objections (Dkt. 188) and Defendant VAMC Ann Arbor filed a response (Dkt. 192).[1] The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Mannon also filed two motions for leave related to his objections (Dkts. 186, 187).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R in its entirety, (ii) overrules Mannon's objections, (iii) denies Mannon's motion for summary judgment, (iv) grants VAMC's motion for summary judgment, and (iv) denies Mannon's motions for leave.

---

[1] The briefing also includes Mannon's response to VAMC's motion (Dkt. 151).

## I.   BACKGROUND

The full relevant factual background is set forth in the R&R.  R. & R. at PageID.4161–4164.  Mannon brings claims under 5 U.S.C. § 552a(g)(1)(A) alleging that the VAMC's March 4 and April 3, 2020 records related to his treatment at the VA's pain management and rehabilitation clinic are inaccurate.  See Am. Compl. (Dkt. 128).

The R&R recommends that the Court grant VAMC's motion for summary judgment because Mannon cannot make out claims under § 552a(g)(1)(A).  R. & R. at PageID.4165–4191.

Mannon makes fifteen objections to the R&R.  Obj. at PageID.4211–4243.  Each one lacks merit.

## II.   ANALYSIS

### A.  Objections 1, 2, 3, 4, 5, and 6

Objections 1, 2, 3, 4, 5, and 6 challenge the R&R's conclusion that that Dr. Shuchman's characterization of Mannon as "aggressive" in the March 4 addendum does not need to be corrected.  Obj. at PageID.4211–4226.  The Court will analyze these objections together.

In Objection 1, Mannon argues that the R&R is "fram[ed]" as though he "merely disagrees with treatment decisions, opioid tapering, or provider judgment" but that his claim really "challenges specific factual predicates embedded in the March 4 addendum."  Obj. at PageID.4211.  In Objections 2, 3, 4, 5, and 6, Mannon asserts that Dr. Shuchman's description of him as "aggressive" is not an opinion and even if it is an opinion, it should be corrected if it is based on "unsupported or contradicted factual predicates" which Mannon argues he has established.  Id. at PageID.4213–4226.  These inaccurate "factual predicates," Mannon argues, are: (i) that he was not aggressive; (ii) that he complied with taking his pregabalin; (iii) that he disclosed

2

his marijuana use to his providers; and (iv) that he did not miss mental health appointments.  Obj. at PageID.4213–4226.

As the R&R correctly states, "the Privacy Act allows for correction of facts but not correction of opinions or judgments." Mueller v. Winter, 485 F.3d 1191, 1197 (D.C. Cir. 2007) (punctuation modified).  "If a subjective judgment is 'based on a demonstrably false' factual premise, however, the Privacy Act compels the agency to correct or remove the judgment from the complaining individual's record." Id.

Mannon has already made these same arguments that Dr. Shuchman's label of him as "aggressive" was based on inaccurate "factual predicates." See e.g., Resp. to VAMC's Mot. at PageID.3219 ("Defendant's [c]ross [m]otion (ECF. 146) mischaracterizes factual inaccuracies as 'opinions'"); PageID.3220 ("Pregabalin: April 2 note . . . confirms lab never run . . . March 3 'no show' was error from cancelled series due to communication problem Plaintiff reported"); Mannon Mot. at PageID.2510 ("[f]alse [n]oncompliance ([p]regabalin [t]est) . . . [m]arijuana [u]se [d]isclosure . . . inaccurate and unfairly stigmatizing"); PageID.2511 ("[t]he record shows Plaintiff attended scheduled psychology and psychiatry appointments as required").  These are not proper objections as the magistrate judge already considered and rejected these arguments for the reasons set forth in the R&R.  A party's mere disagreement with the R&R's conclusions does not equate to an error.  See Coleman-Bey v. Bouchard, 287 F. App'x 420, 422 (6th Cir. 2008) (stating that a district court need not grant relief where objections "merely restate" the original claims that the magistrate judge rejected for the reasons stated in an R&R); see also Howard v. Sec'y of Health and Hum. Servs., 932 F.2d 505, 508–509 (6th Cir. 1991) (explaining that a general disagreement with an R&R is not a proper objection).

3

Throughout these objections, Mannon emphasizes, as he did in his response to VAMC's motion and in his motion, that because VAMC has corrected two facts listed in the March 4 addendum where he was labeled aggressive that means that the overall conclusion that he was aggressive must also be amended. See e.g., Obj. at PageID.4216–4217, 4219. Not so. The R&R found that even if Mannon being labeled aggressive was "considered a factual statement," it was independently supported by notes from two January 2020 office visits and three messages to the pain clinic. R&R at PageID.4173–4175. Mannon presents no new arguments about how the R&R is incorrect, he merely disagrees with the R&R's conclusion. Obj. at PageID.4220–4221.

The Court overrules the first, second, third, fourth, fifth, and sixth objections.

**B. Objection 7**

Mannon's seventh objection is that the R&R "conflates the clinical-appeal track with the Privacy Act track. . . ." Obj. at PageID.4226–4229. Mannon explains that this distinction matters because the April 3rd note "does not resolve whether the challenged predicates were accurate" and even though the VAMC had notice in April 2020 that Mannon "disputed the accuracy of the record and sought amendment," the VAMC did not mark it as disputed and continued to maintain and rely upon it. Id. at PageID.4229.

This objection also repeats arguments Mannon has already made and the R&R disregarded. In Mannon's motion when he made this argument, he cited 5 U.S.C. § 552a(d)(4) and 38 C.F.R. § 1.579(d). Mot. at PageID.2526–2527, 2534–2535. The R&R disregarded this argument because Mannon had not alleged violations of §552a(d)(4) or § 1.579(d) in his amended complaint. R. & R. at PageID.4190. Mannon's objection does not explain how the R&R got this fact wrong. Obj. at PageID.4226–4229. Objection 7 is overruled.

**C. Objection 8**

In objection 8, Mannon contends that the R&R did not "give proper weight" to the portion of Dr. Egger's declaration that states that the March 4 addendum's statement that he was aggressive did not comport with his experiences with Mannon.  Obj. at PageID.4230.

As the Court has previously explained to Mannon, his non-aggressive behavior at other times, with other people, does not demonstrate that he was not aggressive during the encounter or encounters which led to Dr. Shuchman's notation in his file.  See 12/31/25 Op. & Order at PageID.4118 (Dkt. 176).  Objection 8 is overruled.

### D.  Objection 9

Mannon's ninth objection is that the R&R does not account for the "downstream" use of the disputed records which "were operative and material."  Obj. at PageID.4231–4232.  The R&R did not rely on finding that the March 4 addendum was harmless or immaterial.  Mannon cites no authority that states that claims under § 552a(g)(1)(A) must analyze materiality.  Likely because there is none.  Objection 9 is overruled.

### E.  Objections 10, 12, and 13

In objections 10, 12, and 13 Mannon argues that the R&R failed to consider exhibits that he uploaded related to his reply brief.  Obj. at PageID.4232–4239.  The R&R noted that it had difficulty understanding the arguments Mannon made in his combined response to VAMC's motion and reply to his motion.  R. & R. at PageID.4190.  It further noted that where it could understand Mannon's arguments, it could not locate the evidence cited to support them "without combing through 176 pages of unlabeled Exhibits E through BB" and that it did not have an obligation to hunt through these exhibits.  Id. at PageID.4191.

In his objections, Mannon asserts that his exhibits were "labeled in batches with specific file descriptions" and he provides citations to docket numbers 151-6, 151-7, 151-8, and 151-17.

Obj. at PageID.4233, 4236.  Mannon's emphasis on whether his exhibits were labeled misses the point.  The Court does not understand the arguments he makes in his reply brief, and it is not the Court's job to craft arguments for him.  See McPherson v. Kelsey, 125 F.3d 989, 995–996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (punctuation modified)).  Objections 10, 12, and 13 are overruled.

### F.  Objection 11

Mannon's eleventh objection is that the R&R "fails to recognize a pattern of record distortion" explaining that he objects because the R&R "analyzes the predicates in isolation rather than recognizing the cumulative distortion."  Obj. at PageID.4235.  Basically, Mannon objects to the fact that the R&R did not see the facts the way he sees them.  This is not a proper objection. Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").  Objection 11 is overruled.

### G.  Objections 14 and 15

In objections 14 and 15, Mannon complains that the R&R construes his complaint too narrowly, citing parts of the R&R where the magistrate judge refused to evaluate Mannon's arguments regarding claims not contained in his pleading.  Obj. at PageID.4239–4243.  As the R&R correctly finds, nowhere in his complaint does Mannon allege claims under 5 U.S.C. § 552a(d)(3), (d)(4) and 38 C.F.R. § 1.579(c).  See Am. Compl.  Mannon cannot plead a new claim in a response to a summary judgment motion.  Tucker v. Union of Needletrades, Indus. & Textile

Emps., 407 F.3d 784, 788 (6th Cir. 2005) ("Once a case has progressed to the summary judgment stage…the liberal pleading standards under Swierkiewicz [v. Sorema N.A., 534 U.S. 506, 512–513 (2002)] and the Federal Rules are inapplicable.") (punctuation modified).

In objection 15, Mannon seems to argue that even though he did not file a statement of disagreement to trigger the VAMC's obligation to mark the record as disputed under § 552a(d)(4), VAMC internal communications showed that Mannon disputed the record, so that should count. Obj. at PageID.4241–4242.  That is not what the statute contemplates.  See § 552a(d)(4) ("in any disclosure, containing information about which the individual has filed a statement of disagreement . . .").  Objections 14 and 15 are overruled.

### H. Motion for Short Time Extension to File Rule 72(b) (Dkt. 186) and Motion for Leave to Exceed Page Limit for Rule 72(b) (Dkt. 187)

Mannon filed two motions related to his objections.  The first asks for an extension to file his objections by April 15 instead of April 10, when they were originally due.  Extension Mot. at PageID.4197 (Dkt. 186).  However Mannon then filed his objections on April 10.  See Dkt. 188. This motion is, therefore, moot.

Mannon's second motion requests that he be granted leave to exceed the page limit for objections by 45 pages.  Mot. for Leave at PageID.4200 (Dkt. 187).  No page limitation was imposed on Mannon's objections.  See R. & R. at PageID.4192–4193.  This motion is also denied as moot.

### III.   CONCLUSION

The Court adopts the R&R (Dkt. 183) in its entirety.  All of Mannon's objections (Dkt. 188) are overruled.  VAMC's motion for summary judgment (Dkt. 146) is granted.  Mannon's

motion for summary judgment (Dkt. 140) is denied. Mannon's motion for an extension of time and his motion for leave to file excess pages (Dkts. 186, 187) are denied as moot.

The case is closed.

**SO ORDERED.**

Dated: June 29, 2026  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2026.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager