UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ROGER MANNON,

Plaintiff,

v.

Case No. 23-cv-12612
HON. MARK A. GOLDSMITH

VAMC ANN ARBOR,

Defendant.
______________________________/

**OPINION & ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (Dkt. 200)**

Before the Court is pro se Plaintiff Steven Roger Mannon's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (Dkt. 200). For the reasons that follow, the Court denies the motion.

## I. BACKGROUND

The full relevant factual background is set forth in the R&R which the Court adopted. 3/27/26 R. & R. at PageID.4161– 4164 (Dkt. 183); 6/29/26 Op. & Order at PageID.4339. Mannon brought claims under 5 U.S.C. § 552a(g)(1)(A) alleging that the VAMC's March 4 and April 3, 2020 records related to his treatment at the VA's pain management and rehabilitation clinic are inaccurate. See Am. Compl. (Dkt. 128).

## II. ANALYSIS

Mannon's motion asks the Court to amend its 6/29/26 Opinion and Order because it "treated a Privacy Act record-accuracy claim as if it were a treatment-disagreement or protected-provider-impression case, without separately deciding whether objective factual predicates in the March 4, 2020 addendum required correction, qualification, annotation, partial amendment, or

further proceedings under 5 U.S.C. § 552a(g)(1)(A), § 552a(g)(2)(A), and § 552a(e)(5)." Mot. at PageID.4348.

Under Rule 59(e), a district court may alter or amend its judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Brumley v. UPS, 909 F.3d 834, 841 (6th Cir. 2018) (punctuation modified). "A Rule 59 motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (punctuation modified). To protect the judicial interest of finality, Rule 59 motions are "looked at with disfavor and are granted sparingly, typically only when the prior decision appears clearly to be legally or factually erroneous." Wade v. Franklin Cnty, No. 2:21-cv-305, 2024 WL 3163814, at *1 (S.D. Ohio June 25, 2024).

Mannon explains that the March 4, 2020 addendum "did not simply record a treatment judgment" but contained "embedded adverse factual predicates that could be objectively tested." Mot. at PageID.4353. He states that "if the ultimate word 'aggressive' is treated as opinion or clinical impression, controlling Privacy Act principles allow correction or removal when a subjective judgment rests on a demonstrably false factual premise." Id. at PageID.4353–4354. Mannon also asserts that the "aggression predicate" presented a genuine issue of material fact because his "own contemporaneous records" reflect a dispute of fact. Id. at PageID.4356–4359. Further, because the note about his mental health appointments was corrected; the March 4 note about his cannabis usage was incomplete; and the note about the pregabalin was incorrect; the Court's order was incorrect. Id. at PageID.4360–4361.

None of these arguments is sufficient to alter judgment under Rule 59(e) because they do not identify "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Brumley, 909 F.3d at 841.

Further, Mannon has made all these arguments before. The Magistrate Judge's Report and Recommendation, which this Court adopted, considered each of the "factual predicates" in the March 4 addendum and determined that they did not require correction. R&R at PageID.4172–4185. Mannon stated that the March 4 addendum was inaccurate because (i) he was not aggressive or demanding; (ii) he complied with taking his pregabalin, and (iii) he disclosed his marijuana use and did not miss mental health appointments. Id. at PageID.4172. The Magistrate Judge found that the aggressive comment was subjective and could not be changed, the pregabalin note was corrected in a subsequent note, and that the marijuana and mental health notes were correct. Id. at PageID.4172–4185.

Mannon objected to the Magistrate Judge's findings regarding the March 4 addendum and the Court reviewed his objections and overruled them. 6/29/26 Op. & Order at PageID.4339–4341. The Court reasoned that Mannon had already made the same arguments before the Magistrate Judge and that his objections did not explain why the Magistrate Judge's reasoning was incorrect. Id. at PageID.4340.

Mannon's current motion even admits that he has made some of these arguments before. Mot. at PageID.4361 ("Plaintiff had raised the issue previously; it was not a new argument."). Because he has not identified "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice[,]" the Court denies his motion. Brumley, 909 F.3d at 841.

## III. CONCLUSION

For the reasons set forth above, the Court denies Mannon's motion (Dkt. 200).

**SO ORDERED.**

Dated: October 9, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager